### W. B. MOORE v. GENERAL ACCIDENT, FIRE AND LIGHT INSURANCE CORPORATION.

(Filed 6 March, 1912.)

**Insurance, Accident—Policy Contract—Limitation of Liability—Diseases—Interpretation of Policy.**

When an accident insurance contract provides for the payment
of a loss for an injury received while riding on a railway passenger coach, and on the second page of the policy there is a
provision limiting the liability of the insurer if the disability is
due to an accident caused by or resulting from paralysis and certain other diseases, it is construed to mean that when an accident,
is the ultimate cause of paralysis, or of one of the other diseases
named, which accrues at a more or less remote period of time
after the injury has been received, the liability of the insurer is
limited by the provision, but not when the paralysis, etc., is a
direct incident and a part of the injury effected through the accident insured against.

APPEAL by defendant from *Ferguson, J.,* at November Term,
1911, of NASH.

The facts are sufficiently stated in the opinion of the Court
by *Mr. Chief Justice Clark.*

*F. S. Spruill for plaintiff.*
*Brooks & Taylor for defendant.*

CLARK, C. J. The plaintiff, an illiterate man, took out an
accident policy of insurance in the defendant company. On
the first page thereof, in large type, defendant insured the plain-

tiff "at the rate of $50 per month for a period not exceeding twenty-four consecutive months, against total loss of time resulting directly and independently of all other causes from bodily injuries effected through external, violent, and accidental means, and which wholly and continuously, from the date of the accident, disable and prevent the assured from performing every duty pertaining to any business or occupation." And further, on the same page, the policy undertook to pay double indemnity "if such injuries are sustained by the assured while riding as a passenger within the inclosed part of any railroad passenger car provided for the exclusive use of passengers and propelled by steam."

In December, 1908, the plaintiff was seriously injured while a passenger on a railroad. The first issue was in the exact language of the first quotation from the policy above set out, to which the jury responded "Yes."

The defendant claimed that the plaintiff had received $20 in full compromise and settlement of said injuries, to which the jury responded "No."

The defendant further relied upon a provision inside the policy as follows: "In the event of disability due to either 'accident or illness caused by or resulting wholly or in part, directly or indirectly, in tuberculosis, rheumatism, paralysis, apoplexy, orchitis, neuritis, locomotor ataxia, lumbago, lame back, strains, sciatica, vaccination, Bright's disease, dementia, insanity, hernia   .   .   .   the limit of the company's liability shall be an indemnity for the period disabled, not exceeding four weeks in any one year, at the rate which would otherwise be payable under this policy, anything herein to the contrary notwithstanding." The defendant pleads that the plaintiff suffered with paralysis which was produced by his injury, and therefore it is liable to the plaintiff only in a sum not exceeding that which would otherwise be due for a disability not exceeding four weeks in any one year. This paragraph, if construed as the defendant claims, is in direct contradiction of the terms and purpose of the insurance as stated in the first quotation above given from the front page of the policy.

We do not think that this would be a just construction. Here the paralysis is a direct incident and a part of the "bodily in-

jury effected through external, violent, or accidental means," and to hold that in such case the insurance is reduced to a very small part of the sum stipulated for would be in effect to destroy the insurance. To say that such was the intent of the defendant company in executing the policy would be to charge it with fraud. The only reasonable and just construction is that when an accident or illness is the ultimate cause of paralysis or of one of the other diseases named, which diseases accrue at a more or less remote period of time after the injury, then the liability of the insurance company is reduced to compensation for disability not exceeding four weeks in any one year, and the same reduction could be claimed when one of those excepted diseases cause the injury.

The jury found that the plaintiff had complied with every condition in his policy; that the statements made in his application for insurance were true, and that though the plaintiff had received $20 from the defendant, that there had not been a valid and full compromise for the injuries sustained; that the plaintiff's cause of action accrued prior to the institution of this action, and that the plaintiff was entitled to recover $2,380, with interest—that is, indemnity at the rate of $100 per month for twenty-four months, less $20 received.

We have examined all the exceptions in the record carefully, but excepting the propositions of law above discussed, the case was almost entirely dependent upon the disputed matters of fact which the jury have found in favor of the plaintiff, under a correct charge as to the law.

No error.